**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3360-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PETER JAMES,
f/k/a SHANITA STUBBS,

     Defendant-Appellant.

_____

> Submitted September 23, 2025 – Decided October 17, 2025.
>
> Before Judges Sumners and Augostini.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-04-1380.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).
>
> Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Shep A. Gerszberg, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Peter James[1] f/k/a Shanita Stubbs appeals the Law Division order denying defendant post-conviction relief (PCR) without an evidentiary hearing. Defendant contends in a single point:

> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CARRY THROUGH WITH FULL EVALUATIONS OF HIS MENTAL STATE AT THE TIME OF THIS INCIDENT.

Having reviewed the record and considered the applicable legal standards, we are unpersuaded by defendant's arguments and affirm substantially for the reasons set forth in the PCR judge's nineteen-page written decision.

The underlying facts and procedural history are detailed in the PCR court's written decision, which we incorporate by reference. To briefly summarize, defendant was indicted for the first-degree murder by strangulation of his paramour Crystal Williams and second-degree desecrating her remains, as well as third-degree theft. The trial court entered an order pursuant to N.J.S.A. 2C:4-1, mandating an evaluation to determine defendant's sanity at the time of the offense based upon his medical history and failure to take his prescribed medication. Thereafter, defendant, represented by a new trial counsel, withdrew

---

[1] Defendant's November 10, 2023, brief in support of his petition for PCR lists his name as Parker James. However, we use defendant's name as it appeared on all other filings in this matter.

the request for a mental health evaluation before a second trial court. Trial counsel advised the second trial court that defendant's evaluation was terminated by the doctor after it began and that no formal report was prepared. Trial counsel further stated:

> [Defendant] is present in court, and [he] has been present in court every time, and I have not brought forth any sort of issue nor have I dealt with that in-house regarding any sort of competency issue. During my interviewing [and] meeting with [Defendant], in my professional opinion that is not the appropriate course of action. It was something that I think previous counsel discussed with the prosecutor and may have discussed with [the first trial court] regarding going down that road. There is no official paper trail of anything official happening as far as doctors, and reports, and evaluations or anything like that. There was an [o]rder to have something done, that was not followed through with.

Defendant pled guilty to an amended charge of first-degree aggravated manslaughter, second-degree desecrating human remains, and third-degree theft by unlawful taking. The trial court sentenced defendant consistent with the plea agreement to an aggregate prison term of twenty-four years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal, solely claiming his sentence was excessive. State v. Stubbs, No. A-1653-19 (App. Div. Oct. 28, 2020) (slip op.

at 1).  We affirmed the sentence at our excessive sentence oral argument calendar.  <u>Ibid.</u>

Defendant filed a PCR petition alleging trial counsel was ineffective for failing to:  advocate at sentencing; present mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14) ("defendant was under [twenty-six] years of age at the time of the commission of the offense") at sentencing; and pursue a mental health examination regarding defendant's psychological state at the time of Williams' murder.  The PCR judge,[2] applying the two-prong test to establish ineffectiveness of counsel, <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) and <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987), and <u>Rules</u> 3:22-2, 22-4, and 22-5, entered an order denying relief for reasons explained in his written decision. The court determined "[defendant] ha[d] not proven that trial counsel committed any errors, let alone errors that resulted in ineffective assistance of counsel." And because defendant did not establish a prima facie case of ineffectiveness of counsel, the court found that based on <u>State v. Preciose</u>, 129 N.J. 451, 462-63, an "evidentiary hearing is [not] necessary to resolve [defendant's] allegations."

---

[2]  The PCR judge also accepted defendant's plea and sentenced defendant.

Before us, defendant challenges only the denial of his ineffective assistance claim, alleging that trial counsel quashed defendant's court-ordered mental evaluation. The challenge is without merit.

We agree with the PCR judge that defendant failed to establish a prima facie claim that counsel was deficient and his deficiency prejudiced the defense. See Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58 (Da53). As the PCR judge appropriately determined, the record reflects that trial counsel "exercised reasonable professional judgement and sound trial strategy" when he informed the second court in defendant's presence that based upon his conversations with defendant's first trial counsel and defendant, defendant was not pursing a mental health evaluation. See Fritz, 105 N.J. at 54 (holding "complaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy"); State v. Echols, 199 N.J. 344, 357-59 (2009) ("[A]n otherwise valid conviction will not be overturned merely because the defendant is dissatisfied with his or her counsel's exercise of judgment during the trial.") (quoting State v. Castagna, 187 N.J. 293, 314 (2006)). We discern no reason to question trial counsel's strategy concerning defendant's mental status at the time the offense occurred, based on the evidence available to counsel, and counsel's consultation with defendant.

We further conclude defendant's mere assertion that a mental health evaluation would have aided his defense is insufficient to sustain his PCR claim. Defendant did not present a mental health expert report attesting to defendant's mental status at the time of the offense. Thus, his claim that a mental evaluation would have aided his defense is a bald assertion which does not call for PCR relief. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance.").

To the extent we have not expressly discussed any of defendant's other arguments, they lack sufficient merit for further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6

A-3360-23